NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

WILLIAM F. KAETZ,

      Plaintiff,

    v.

THE UNITED STATES OF AMERICA, *et al.*,

      Defendants.

Civ. No. 19-8100 (CCC)

**OPINION**

**CECCHI, District Judge.**

## I.   INTRODUCTION

    This matter comes before the Court on the Court's *sua sponte* inquiry into issues of subject matter jurisdiction. For the reasons set forth below, the Court lacks subject matter jurisdiction over this matter and must dismiss the complaint.

## II.   BACKGROUND

    Plaintiff William F. Kaetz ("Plaintiff") filed a complaint (the "Complaint") on March 7, 2019, (ECF No. 1), and on that same day filed a motion for an injunction to "stop the defendants from advocating unconstitutional agendas until plaintiff's 42 U.S.C. § 1983 civil complaint is resolved." ECF No. 2 at 9. The Complaint's caption includes the following defendants: "The United States, The United States of America, Hilary Clinton, and Barack Hussein Obama." ECF

1

No. 1 at 1. The Complaint additionally asserts that it applies to "all members of the Executive, legislative, and Judicial branches of the U.S. government created by the U.S. Constitution in their official and personal capacity" as well as "all members of the Executive, legislative, and Judicial branches of the 50 states of the United States of America in their official and personal capacity." Id. There are three causes of action in the Complaint, brought under 42 U.S.C. § 1983: (1) violations of oath of office; (2) violations of plaintiff's state and federal due process rights; and (3) nationality discrimination against Plaintiff, a citizen of the United States of America. Id. at 2. In short, Plaintiff's claims all stem from his unsupported allegations that defendants violated their oaths of office by "allowing known enemies of plaintiff's nation in plaintiff's nation's official offices that require the oath of office declaratory decree with knowledge that these known enemies cannot and will not adhere to the oath of office." Id. at 3. On April 16, 2019, the Court entered an order concerning the schedule for responsive pleadings and potential applications for default. ECF No. 8. Plaintiff filed a "Clarification of Order" on May 3, 2019 asking the Court to explain its reasoning for entering its April 16, 2019 order. ECF No. 14. The Court issued the above-mentioned order on scheduling under its inherent power to manage its docket given the breadth of Plaintiff's claims against all members of the legislative, executive, and judicial branches of all fifty states and the federal government, and given the logistical PACER filing issues raised by defendants in their submissions (ECF Nos. 7, 9). *See Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 567 (3d Cir. 1985) ("A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases."). Plaintiff attempted to request entry of default judgment against certain individual defendants on April 30, 2019, and those requests were denied

2

by the Clerk of the Court for the United States District Court of New Jersey on May 1, 2019 given the Court's prior order.

## III.  LEGAL STANDARD

### Article III Standing

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). One key aspect of this case-or-controversy requirement is standing. *Id.* at 439. "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (citing *Davis v. FEC*, 554 U.S. 724, 734 (2008)).

To establish standing, a plaintiff must satisfy a three-part test, showing: (1) an 'injury in fact,' *i.e.*, an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, *i.e.*, traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court. *Nat'l Collegiate Athletic Ass'n v. Gov. of N.J.*, 730 F.3d 208, 218 (3d Cir. 2013) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

## IV.  DISCUSSION

It is well-settled law that "federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation." *Okpor v. Dabo*, 2019 WL 1714456, at * 1 (D.N.J. Apr. 17, 2019) (citing *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99,

104 (3d Cir. 2015)). The Court finds that it lacks subject matter jurisdiction over the present case because Plaintiff has not demonstrated a legally cognizable "injury in fact," and therefore lacks standing as required to proceed with a claim in federal court under Article III of the United States Constitution. *See Lujan*, 504 U.S. at 560 (internal citations and quotation marks omitted) (The first element of standing requires that "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical."). The Complaint contains no allegations at all that Plaintiff has personally suffered any cognizable or quantifiable harm from the alleged violations of oaths of office, let alone plausibly pled facts to support any such injury. The Complaint therefore fails to state a "concrete and particularized" injury, as needed for Article III standing because it only alleges Mr. Kaetz's displeasure with elected officials rather than any injury that he has personally suffered. *Id.* Courts have consistently held that citizens who merely disagree with their elected officials lack standing to bring suits in federal court unless they can allege an injury beyond their discontent. *See, e.g., Berg v. Obama*, 574 F. Supp. 2d 509, 518 (E.D. Pa. 2008) ("The alleged harm to voters stemming from a presidential candidate's failure to satisfy the eligibility requirements of the Natural Born Citizen Clause is not concrete or particularized enough to constitute an injury in fact sufficient to satisfy Article III standing."); *see also Sibley v. Obama*, 886 F. Supp. 2d 17, 19 (internal citations and quotation marks omitted) ("A generalized interest of all citizens in constitutional governance does not suffice to confer standing on one such citizen . . . . To establish standing in a case, the plaintiff must show that he has a personal stake in the alleged dispute, and that the injury is particularized as to him."). As such, Plaintiff does not have Article III standing to pursue his claims and they must be dismissed. *See Taliaferro v. Darby*

4

*Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) ("Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed.").

## V.    **CONCLUSION**

For the reasons stated above, the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint within thirty (30) days that addresses the deficiencies identified in this Opinion.

An appropriate order accompanies this Opinion

**DATED:**  October 4, 2019

_____

**CLAIRE C. CECCHI, U.S.D.J.**