**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ,<br><br>                    Plaintiff,<br><br>     v.<br><br>THE UNITED STATES OF AMERICA, *et al.*,<br><br>                    Defendants. | Civil Action No.: 19-8100<br><br>**ORDER** |

**CECCHI, District Judge.**

    **WHEREAS** this matter comes before the Court on the motion of Plaintiff William F. Kaetz ("Plaintiff" or "Kaetz") to reopen the case (ECF No. 26) and file his amended complaint (the "Amended Complaint") (ECF No. 26-3); and

    **WHEREAS** the Court previously dismissed Plaintiff's initial Complaint on October 4, 2019 (ECF Nos. 24–25), holding that the Court lacked subject matter jurisdiction over this matter because "[t]he Complaint contains no allegations at all that Plaintiff has personally suffered any cognizable or quantifiable harm from the alleged violations of oaths of office, let alone plausibly pled facts to support any such injury. The Complaint therefore fails to state a 'concrete and particularized' injury, as needed for Article III standing because it only alleges Kaetz's displeasure with elected officials rather than any injury that he has personally suffered." ECF No. 24 at 4 (citation omitted); and

    **WHEREAS** Plaintiff's Amended Complaint mirrors his original pleading in most respects, again alleging claims against "all members of the Executive, [L]egislative, and Judicial branches of the U.S. government created by the U.S. Constitution in their official and personal

capacity" as well as "all members of the Executive, [L]egislative, and Judicial branches of the 50 states of the United States of America in their official and personal capacity, Hillary Clinton, and Barack Hussein Obama." ECF No. 26-1 at 1. The Amended Complaint also asserts the same causes of action set forth in the initial Complaint, including violations of oath of office, violations of Plaintiff's state and federal due process rights, and nationality discrimination against Plaintiff as a citizen of the United States of America. Id. at 2; and

**WHEREAS** the only discernible change in the Amended Complaint is a new section titled "Direct Harm to Plaintiff" which provides details of Kaetz's involvement in a number of criminal and civil legal proceedings that are unrelated to one another and to the matter before this Court. These proceedings include: (1) a criminal action brought against Plaintiff involving the Internal Revenue Service (id. at 15–18); (2) a consumer fraud case filed by Plaintiff against Dodge of Paramus, Inc. and a county investigator (id. at 19–20); (3) a lawsuit filed against Educational Credit Management Corporation; and (4) a lawsuit against the Court of Common Pleas of Monroe County in Pennsylvania (id. at 20). Plaintiff attempts to tie together these suits and the current action by alleging that "[t]he abundance of undermining the State and Federal Constitutions and the Bill of Rights has come to an all-time high and it is because the laws empowering the oath of office violations are not enforced, and, the illegal advocacy of our elected and appointed officials for Communism, Socialism, Islamic and Totalitarianism . . . undermines and disrespects and degrades the United States Constitution and its citizens and this eventually trickles down to harm the Rights and Freedom of the plaintiff." Id. at 20; and

**WHEREAS** Plaintiff's Amended Complaint must fail for the same reason as the initial Complaint. Plaintiff has again failed to plausibly allege how violations of oath of office by elected

officials have caused a concrete injury that is particularized to him and therefore he lacks standing to proceed. *See Sibley v. Obama*, 886 F. Supp. 2d. 17, 19 (D.D.C. 2012) (internal citations and quotation marks omitted) ("A generalized interest of all citizens in constitutional governance does not suffice to confer standing on one such citizen . . . . To establish standing in a case, the plaintiff must show that he has a personal stake in the alleged dispute, and that the injury is particularized as to him."). Kaetz's new allegations in the "Direct Harm to Plaintiff" section of the Amended Complaint do not provide plausible facts or allegations that link the asserted failure of all elected federal and state officials to follow their oaths of office to a direct injury suffered by Plaintiff. These allegations instead describe distinct legal actions involving different parties and different factual matters than those present here, and thus do not help Plaintiff cure the deficiencies identified in the Complaint. *See Davis v. Wells Fargo*, 824 F.3d 333, 346–47 (3d Cir. 2016) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) ("[T]he plaintiff must demonstrate a 'causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'"). As Plaintiff lacks standing without a particularized and concrete injury, the Court again does not have subject matter jurisdiction over the Amended Complaint.[1]

---

[1] The Court also notes that the allegations in the Amended Complaint do not support Plaintiff's lengthy list of requests for relief as required by Rule 8 of the Federal Rules of Civil Procedure. Plaintiff asks the Court to grant the following relief:

> 1. All government officials advocating unconstitutional agendas be prohibited to have any authority whatsoever because they violate their oath of office.
> 2. Prohibit all government officials illegally advocating unconstitutional agendas from advocating unconstitutional propaganda through all news

**Accordingly, IT IS** on this  29  day of June, 2020, in the interests of justice and for good cause shown:

**ORDERED** that Plaintiff's motion to reopen the case (ECF No. 26) is **DENIED** and the Amended Complaint (ECF No. 26-1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from the date of entry of this Order to file a second amended complaint that comports with this Order; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff via regular mail.

**SO ORDERED.**

_____
Claire C. Cecchi, U.S.D.J.

---

broadcasting stations and all social media. First amendment rights restricted by the oath of office.
3. All government officials advocating unconstitutional agendas be replaced with advocators of our laws of this land, the U.S. and States Constitutions as their oath of office dictates.
4. All government officials advocating unconstitutional agendas be barred from ever holding office anywhere in the USA and be charged with violating their oath of office.
5. Seize all the wealth of all government officials advocating unconstitutional agendas whom gained wealth by their illegal deeds violating their oath of office.
6. All government officials advocating unconstitutional agendas be silenced from advocating unconstitutional agendas while holding office without official power until they are replaced.
7. All government officials found violating their oath of office be prosecuted to the full extent of the law.

ECF No. 26-1 at 25.