UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ,<br><br>      Plaintiff,<br><br>v.<br><br>THE UNITED STATES, *et al.*,<br><br>      Defendants. | Civil Action No.: 19-cv-08100<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    This matter comes before the court on the motion of *pro se* Plaintiff William Kaetz (DE 41) for reconsideration of this Court's December 15, 2020 Opinion and Order (DE 37; DE 38) denying Mr. Kaetz's motion to reopen the case (DE 32) and dismissing his proposed second amended complaint (DE 32-1) with prejudice.

    For the reasons set forth below, the motion is **DENIED**.

I.     **Background**[1]

I write primarily for the parties and assume familiarity with the facts and procedural history.

On March 7, 2019, Mr. Kaetz filed his first complaint in this action. (D.E. 1.) Judge Cecchi, to whom the case was then assigned, dismissed Mr. Kaetz's amended complaint with leave to file an amended complaint within 30 days. (DE 31.) On June 29, 2020, Judge Cecchi dismissed Mr. Kaetz's amended complaint. (DE 31.) Judge Cecchi held that Mr. Kaetz lacked standing and again granted Mr. Kaetz leave to amend his complaint to cure the pleading deficiencies with respect to standing. (*Id.* at 4.)

On July 27, 2020, Mr. Kaetz filed a motion to reopen the case and attached a second amended complaint against the United States, governors of all 50 States and certain U.S. territories, Former Secretary of State Hillary Clinton, Former President Barack Obama, Black Lives Matter, and Antifa, alleging violations of his civil rights under 42 U.S.C. § 1983 and various violations of constitutional provisions. (Compl.) The Complaint alleged that the defendants have allowed "invasions of Marxism to change our form of government" and that "Communists, Socialists, Muslims and Totalitarians will not assimilate to our Constitutional Republic Form of Government" unless the defendants cease "allowing demonstrations of advocacy" in support of said religious and political beliefs. (Compl. ¶ 7.) The complaint also challenged actions taken in response to the Coronavirus pandemic. (*Id.* ¶ 11.)

---

[1]     For ease of reference, certain key items from the record will be abbreviated as follows:

| | | |
|---|---|---|
| "DE_" | = | Docket Entry in this Case |
| "Compl." | = | Second Amended Complaint (DE 32-1) |
| "Op." | = | December 15, 2020 Opinion (DE 37) |
| "Mot." | = | Plaintiff's Motion for Reconsideration (DE 41) |

The case was reassigned to me on October 22, 2020. (DE 34.) On December 15, 2020, I denied Mr. Kaetz's motion to reopen the case (DE 32) and dismissed his second amended complaint with prejudice. I also denied as moot Mr. Kaetz's request for recusal (DE 33), motion to expedite the case (DE 35), and emergent motion to expedite the case (DE 34). (DE 37; 38.)

In my December 15, 2020 opinion, I held that Mr. Kaetz lacked standing to bring this action. (DE 37.) The amended complaint asserted that the defendants have "harmed" and "jeopardized" his "freedom" and "unalienable rights," and have placed him "in a dangerous situation," by violating their oaths of office, denying him a republican form of government, and discriminating against him because he is a United States citizen. (Compl. at ¶ 3.) I held that Mr. Kaetz had not alleged a legally cognizable injury resulting from the defendants' alleged violations of the oath of office. (Op. at 9.) Specifically, Mr. Kaetz had not explained how any of the complained-of acts might have been directed against him in particular, or what injury, particular to him, he has suffered as a result of the defendants' actions. (*Id.* at 10.) I further explained that, even if I were to construe Mr. Kaetz's warning that Americans will suffer stress or harm due to civil unrest as alleging that he in particular has suffered such stress, that would still not constitute a cognizable injury. (*Id.* at 13.)

I also held that Mr. Kaetz lacked standing as to his challenges to Governor Murphy's COVID-19 executive orders because the allegations constituted generalized grievances with the conduct and response of Governor Murphy and the other governors as elected officials and did not identify a cognizable personal injury to Mr. Kaetz. (*Id.* at 14.) Having found that Mr. Kaetz lacked standing to bring his claims, and noting that Mr. Kaetz had had two opportunities to cure the deficiencies of his first complaint, I dismissed the amended complaint with prejudice. (*Id.*)

## II. Standard of Review

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

A party seeking to persuade the court that reconsideration is appropriate bears the burden of demonstrating one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted); *see also Crisdon v. N.J. Dep't of Educ.*, 464 F. App'x 47, 49 (3d Cir. 2012) ("The purpose of a motion for reconsideration … is to correct manifest errors of law or fact or to present newly discovered evidence.") (internal citation omitted). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014).

## III. Discussion

Mr. Kaetz has not presented an adequate reason for reconsideration. In support of his motion for reconsideration, Mr. Kaetz provides a list purportedly establishing the "irreparable injury" he has suffered. (Mot. at 5.) The list includes the loss of his relationship with his fiancé and companionship in his elder years, the loss of his relationship with his children, family, and friends, defamation, loss of reputation and business relationships, and loss of income. (*Id.*) First, a motion for reconsideration is not the proper avenue through which to allege additional injuries. Second, standing requires a showing of "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotations omitted). Mr.

Kaetz's fails to plausibly allege any causal connection between this list of injuries and the defendants' behavior. Third, this list of injuries does not change the fact that, as explained in the prior Opinion, Mr. Kaetz's allegations do not set forth an injury that a court can remedy; they set forth political disagreements and demand that the government be administered in the manner that he considers appropriate. (Op. at 12.) The Supreme Court "repeatedly has rejected claims of standing predicated on 'the right, possessed by every citizen, to require that the Government be administered according to law.'" *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 482 (1982) (citations omitted). Even when a plaintiff has "alleged redressable injury sufficient to meet the requirements of Art. III, the Court has refrained from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches." *Id.* at 474–75. As discussed in the prior Opinion, Mr. Kaetz has not explained how any of the complained-of acts might have been directed against him in particular, and his motion for reconsideration sheds no further light on that issue.

Mr. Kaetz cites case law on standing and provides "information about 'advocating,' 'elements of oath of office and loyalty' and 'Supreme Court views on Article IV Section 4.'" (Mot. at 6-9, 9-20.) None of the cases Mr. Kaetz cites demonstrates an intervening change in controlling law, and no source cited disturbs the Article III analysis that I have already conducted.

Mr. Kaetz does not present an intervening change in controlling law, allege the availability of new evidence that was not previously available, or a clear error of law or fact. A mere disagreement with this Court's opinion is not sufficient to require reconsideration. *See Rich v. State*, 294 F. Supp. 266, 273 (D.N.J. 2018). Given Mr. Kaetz's disagreement with this Court's Opinion, the proper avenue is to file an appeal, and indeed he has done so. (DE 42).

Because Mr. Kaetz has not satisfied the requirements for reconsideration, his motion is denied.

## IV.     Conclusion

Plaintiff's motion for reconsideration (DE 41) is denied.

An appropriate order follows.

Dated: March 4, 2021

/s/ Kevin McNulty

_____

Kevin McNulty
United States District Judge